Bromwell, J.
This hearing is upon a motion for the allowance of exemptions in lieu of homestead out of the fund realized by the sale of certain real estate described in the petition herein.
The action is brought by plaintiff to recover on a promissory note for $4,500, secured by mortgage. An answer and cross-petition was filed by Benjamin F. Lyle, one of the defendants, *252 setting np the recovery of a judgment by Mm against the defendant, Robert Marcus, for $68 and costs in a proceeding before a magistrate and the filing of the transcript of such proceedings with the clerk of the common pleas court for lien and execution. Said judgment was recovered on December 11, 1908, the transcript filed December 11, 1908, and execution issued on the same day, which execution was returned “No goods or chattels,” etc.
An answer and cross-petition was also filed by defendant, Henry I. Englander, setting up a claim* against said. Robert Marcus to recover on a promissory note secured by mortgage on the same premises above, for $500, dated March 24, 1909, payable five years after date.
The property was sold under an order of court and after the settlement of the claim of plaintiff, which was not contested, there remained for further distribution $522.69. The court has found that upon the claim of B. F. Lyle there is due $73.78 secured by his judgment lien, and that there is due' to said Henry I. Englander, on Ms mortgage lien, the sum of $525.
Briefly, then, the situation is this: The amount to be distributed, $522.69; the judgment lien for $73.78; the mortgage lien of Englander for $525, and the claim of exemption in lieu of homestead of the defendant, Robert Marcus.
Section 5440 of the Revised Statutes provides as follows:
“When a homestead is charged with liens, some of which, as against the head of the family, or the wife, preclude the allowance of a homestead to either of them, and others of such liens do not preclude such allowance, and a sale of such homestead is had, then, after the payment, out of the proceeds of such sale, of the liens so precluding such allowance, the balance, not exceeding five hundred dollars, shall be awarded to the head of the family, or the wife, as the case may be, in lieu of such homestead, upon his or her application, in person, or by agent or attorney.”
The only construction that can be placed upon the above section is that it is intended to so modify the well known maxim “qui prior est tempore potior est jure” by postponing other liens against which a claim for allowance in lieu of homestead may be made to such liens as preclude such allowance, no matter whether the latter became liens after or before such unpre *253 ferred liens. In other words, the proceeds of the sale of the homestead shall be applied to all of the preferred liens in the order of their priority before a judgment lien or claim of exemption can be satisfied in whole or in part. It follows, therefore, that if the proceeds of the sale are not sufficient to more than satisfy the preferred liens, the unpreferred liens and the claim for exemption can not be satisfied.
The right of the debtor to claim his allowance in lieu of homestead is postponed only to preferred liens and can be asserted upon any unpreferred lien, or rather against any fund that is left as against any unpreferred liens.
In the present case, the Englander mortgage is entitled to be paid in full in preference to the judgment lien of Lyle; if anything remains it should be applied on the defendant’s claim in lieu of homestead. This disposition would necessarily leave the claim of Lyle entirely unsatisfied.
This precise question does not seem to have been disposed of in Ohio before, possibly because the language of Section 5440 ought not to leave any doubt as to the rights of the respective parties. As reflecting some light upon decisions somewhat analagous to that called for in this case I cite the following:
McConville v. Lee et al, 31 O. S., 449:
“Syl. When land is sold in an action on a mortgage executed by husband and wife, neither of whom has a homestead, the wife, as against a judgment creditor who is a party, is entitled under the homestead law as amended in 1873 (70 O. L., 51, Section 3) to the exemption of a sum not exceeding five hundred dollars, out of the surplus after satisfaction of the mortgage debt, although no demand is made until the sale is confirmed and the money in the hands of the officer for distribution. ’ ’
P. 451: “In holding that this claim for exemption ought to be allowed we follow moreover the well-settled rule that the statute on this subject should be liberally construed in favor of the claimant.”
Roig v. Schultz, 42 O. S., 165:
“Syl. 4. A further order * * * that after the payment of the mortgage the proceeds of sale should be applied to the plaintiff’s judgment, to the exclusion of the claim of the debtor in lieu of homestead, is erroneous.
*254 “Syl. 5. After the sale and the payment of liens against which no right of homestead exists, the question of precedence between other liens and the claim of the debtor in lieu of homestead must be adjudicated by the court. (Sec. 5440, Rev. St.).”
P. 167: “In the case presented to the court below, as appears by the record, the existence of a mortgage lien in favor of Coates against which the right of a homestead exemption could not be asserted, was admitted. -To satisfy such mortgage lien, the decree for the sale of the premises was correct, as was also the order of the court directing the payment of costs and of the mortgage lien out of the proceeds.
“Until the costs and the mortgage lien were fully satisfied no question as to precedence between the plaintiff’s judgment and the right of defendant’s exemption in lieu of a homestead could arise. * * * We think, therefore, the court below
erred in ordering the payment of plaintiff’s claim after the payment of the mortgage without waiting to ascertain whether an exemption in lieu of a homestead having precedence over plaintiff’s judgment, did not then exist.”
Tracy v. Cover, 28 O. S., 61:
. “Syl. Where a debtor, being the head of a family, and having no homestead, and being possessed only of personal property, not exceeding in value the amount which the law allows to be held exempt from execution in lieu of a homestead, makes a colorable or pretended sale of such property for the purpose of placing the same beyond .the reach of creditors, the judgment creditors of such debtor do not thereby acquire a right to levy on and sell such property in disregard of the claim of the debtor, properly made, to hold the same exempt from execution. ’ ’
Sears v. Hanks, 14 O. S., 298, deals with the question of fraudulent transfers to defeat creditors and decides that when fraudulent conveyance is set aside, the judgment -debtor may still claim exemption in lieu of homestead.
Jackson v. Reid, 32 O. S., 443:
Syl 1. By the act of 1850 (2 S. &. C., 1145), the homestead having been sold under a claim which precludes the allowance of exemption, leaving a. surplus, the debtor may insist upon his allowance out -of such surplus as against creditors whose claims do not preclude the allowance of a homestead.”
P. 446: “When the homestead is sold upon a preferred claim or claim against which the exemption can not prevail as to the proceeds, after paying the preferred claim, the debtor’s rights are just such as if so much of the homestead still remained. *255 When land is sold on execution and turned into money the judgment creditor is paid out of the proceeds, according as his right related to the land; but if the creditor had no claim or lien upon the land, he would have no right to be paid out of the funds in the hands of the sheriff. And so, if the ordinary creditor could not enforce his judgment against the homestead itself he can not against its proceeds. * * *
“In the case before us, therefore, when Reid’s homestead was sold it did not destroy his right of exemption, though the sale was -under a claim which precluded such exemption. ’ ’
Nixon v. VanDyke, 2 C. C., 63:
“In an action brought by a judgment creditor to enforce a lien upon property covered by a mortgage prior in date to such judgment lien, the court said':
“Syl. 2. In such an action, with such liens thereon, the proper practice, is to adjudicate as to both of the liens before the sale and not simply as to the one against which the homestead lien could be asserted, * * * in which case the division of the fund, when sold, would be in accordance with the provisions of Sec. 5440, Rev. Stat.”